UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 14-107 (RCL)
)
NICHOLAS A. SLATTEN, )
)
Defendant. )

## MEMORANDUM OPINION

Before the Court is defendant Nicholas Slatten's motion [23] to dismiss the indictment for vindictive prosecution. Slatten alleges that the government increased the charge against him from voluntary manslaughter, 18 U.S.C. § 1112, to murder in the first degree, 18 U.S.C. § 1111, because he successfully asserted a statute of limitations defense. Upon consideration of Slatten's motion [23], the government's opposition [43],[1] oral argument held on May 29, 2014, the applicable law, and the entire record herein, the Court will DENY the motion to dismiss the indictment against Slatten.

I. BACKGROUND

Both the District Court and the Court of Appeals for the District of Columbia Circuit have previously described the factual background of this case. *United States v. Slough*, 677 F. Supp. 2d 112, 116–129 (D.D.C. 2009) ("*Slough I*"), *vacated*, 641 F.3d 544, 555 (D.C. Cir. 2011) ("*Slough II*"); *Slough II*, 641 F.3d at 547–49. Thus, the Court will now only highlight the relevant facts and procedural background.

Slatten was initially indicted, along with his co-defendants, on multiple counts of voluntary manslaughter and attempted manslaughter, as well as one count of using and

---

[1] The defendant opted not to submit a reply brief for this motion.

discharging a firearm in relation to a crime of violence, on December 4, 2008. *United States v. Slough*, No. 08 Cr. 360 (D.D.C. Dec. 4, 2008), ECF No. 1. However, this Court, Judge Urbina presiding, granted the defendants' motion to dismiss the indictment as violating the Supreme Court's holding in *Kastigar v. United States*, 406 U.S. 441 (1972). *Slough*, ECF No. 218. The government appealed this Court's decision, and on April 22, 2011, the Court of Appeals for the District of Columbia Circuit reversed and remanded the case. *Slough II*. The Circuit's Mandate was issued on June 6, 2012. *Slough*, ECF No. 252.

In an attempt to avoid the pitfalls of *Kastigar*, the government designated a new trial team to re-prosecute the case. Gov't's Opp'n at 2-3. On October 17, 2013, following a two-year investigation, the new trial team brought a superseding indictment against Slatten and his co-defendants. Once again, a grand jury indicted the defendants on multiple counts of voluntary manslaughter and attempted manslaughter, as well as one count of using and discharging a firearm in relation to a crime of violence. *Slough*, ECF No. 304. Slatten alone was further indicted on one count of manslaughter for the killing of Ahmed Haithem Ahmed Al Rubia'y, the driver of a white Kia. *Id.*

After this Court denied Slatten's motion to dismiss the superseding indictment on statute of limitations grounds, *United States v. Slatten*, 2014 WL 610970 (D.D.C. Feb. 18, 2014), the Circuit granted Slatten's petition for a writ of mandamus, *In re Slatten*, No. 14-3007 (D.C. Cir. Apr. 7, 2014), Doc. No. 1487269, explaining that the Circuit's 2012 Mandate "reversing and remanding the district court clearly applied only to Slatten's . . . co-defendants." Thus, since Slatten's 2009 dismissal was never actually reversed by the Circuit, the charges rendered in the October 2013 superseding indictment violated the five-year statute of limitations, 18 U.S.C. § 3282(a), and the superseding indictment as to Slatten was dismissed. *Slough*, (Apr. 23, 2014),

ECF No. 428.

With the original charges now untimely, Slatten was subsequently indicted on one count of first-degree murder for the killing of Al-Rubia'y. *United States v. Slatten*, No. 14 Cr. 107 (D.D.C. May 8, 2014), ECF No. 1. There is no statute of limitations for capital offenses like murder in the first degree. 18 U.S.C. § 3281; 18 U.S.C. § 1111(b). One day after the new indictment, Mary McCord, Chief of the Criminal Division of the U.S. Attorney's Office for the District of Columbia, e-mailed defense counsel Thomas Connolly offering to "discuss options for moving forward that do not result in increased exposure for [Slatten]." Opp'n Attach. A. That same day, Connolly responded, stating, "I am happy to receive (via e-mail) and [sic] suggestions you have regarding the charges." *Id.* One week later, on May 16, McCord e-emailed a letter to defense counsel which contained an offer to "dismiss the charge of first-degree murder" and "proceed by information on the [time-barred] charges contained in the October 2013 superseding indictment" if Slatten was willing to "waive the statute-of-limitations defense." Opp'n Attach. B (the "McCord Letter"). On May 19, Slatten moved to dismiss the indictment for vindictive prosecution.

## II.   LEGAL STANDARD

"The doctrine of prosecutorial vindictiveness developed as a corollary to the vindictiveness doctrine that precludes, as a matter of due process, imposition by a judge of a more severe sentence upon retrial after a defendant has successfully exercised a constitutional right or pursued a statutory right of appeal or collateral attack." *Maddox v. Elzie*, 238 F.3d 437, 446 (D.C. Cir. 2001). Similarly, vindictive prosecution "refers to a situation in which the government acts against a defendant in response to the defendant's prior exercise of constitutional or statutory rights." *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987),

*reh'g granted and opinion vacated*, 816 F.2d 695 (D.C. Cir. 1987), *reh'g denied and opinion reinstated*, 824 F.2d 1240 (D.C. Cir. 1987).

A defendant may prevail on a claim of prosecutorial vindictiveness by either demonstrating actual vindictiveness or establishing a presumption of vindictiveness. Actual vindictiveness requires proof "through objective evidence that a prosecutor acted in order to punish him for standing on his legal rights." *Id.* "This showing is, of course, exceedingly difficult to make." *Id.*; *see also United States v. Goodwin*, 457 U.S. 368, 384 n.19 (1982) (noting that a defendant may satisfy the evidentiary burden of a claim of actual vindictiveness "only in a rare case"). "To invoke the presumption of vindictiveness, [the Court] must find that a reasonable likelihood of vindictiveness exists—that is, that the second indictment was 'more likely than not attributable to the vindictiveness on the part of' the [g]overnment." *United States v. Gary*, 291 F.3d 30, 34 (D.C. Cir. 2002) (quoting *Alabama v. Smith*, 490 U.S. 794, 801 (1989)). The presumption "may be overcome only by objective information in the record justifying the increased sentence." *Goodwin*, 457 U.S. at 374. "If the government produces such evidence, the defendant's only hope is to prove that the justification is pretextual and that actual vindictiveness has occurred. But if the government fails to present such evidence, the presumption stands and the court must find that the prosecutor acted vindictively." *Meyer*, 810 F.2d at 1245.

Since Slatten presents no claim of actual vindictiveness, this Memorandum Opinion will focus solely on whether a presumption of vindictiveness applies to the present facts.

## III. ANALYSIS

### A. A Presumption of Prosecutorial Vindictiveness Does Not Apply to the Present Facts

Slatten argues that the totality of the circumstances surrounding his pretrial reindictment for first-degree murder is sufficient to establish a presumption of prosecutorial vindictiveness.

4

Mot. at 16-23. While Slatten glosses over any difference between the presumption's application in a pretrial versus post-trial context, Mot. at 18-19, both the Supreme Court and this Circuit have plainly set forth such a distinction. Notwithstanding the complex procedural history predating this motion, Slatten has never been tried for his alleged crimes. Thus, this case remains, unmistakably, in the pretrial phase.

"[P]ost-trial prosecutorial decisions to file increased charges automatically give rise to a presumption of vindictiveness." *Meyer*, 810 F.2d at 1245 (citing *Blackledge v. Perry*, 417 U.S. 21, 27–29 (1974)). However, the *Goodwin* Court explained that there is a markedly higher bar for establishing a presumption in the pretrial context—that a pretrial presumption is far from automatic in the presence of increased charges. 457 U.S. at 381 ("There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. . . . [A] change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision."). While there remains disagreement among the circuits as to whether the presumption can apply in the pretrial context,[2] this Circuit maintains that *Goodwin* "declined to adopt a *per se* rule that in the pretrial context no presumption of vindictiveness will ever lie." *Meyer*, 810 F.2d at 1246. Nevertheless, *Meyer* in no way lessens the substantially elevated burden that a defendant must meet to establish a pretrial presumption of vindictiveness. 810 F.2d at 1246 (requiring at least a finding of "additional facts" that "support a realistic likelihood of vindictiveness" to establish the presumption in a pretrial situation); *see also United States v. Secord*, 725 F. Supp. 567, 568 (D.D.C. 1989) ("The burden on Defendant in attempting to show a 'realistic likelihood' of

---

[2] *Compare United States v. Stewart*, 590 F.3d 93, 122-23 (2d Cir. 2009) ("[T]his court has consistently adhered to the principle that the presumption of prosecutorial vindictiveness does not exist in a pretrial setting.") (internal quotation marks and citation omitted) *with United States v. LaDeau*, 734 F.3d 561, 567 (6th Cir. 2013) ("prosecutorial vindictiveness can potentially be found in the pre-trial addition of charges following pre-trial assertions of protected rights") (internal quotation marks and citation omitted).

5

vindictiveness in the pretrial context is a difficult one.").

To meet this raised bar in the pretrial context, the *Meyer* Court recognized four factors, in addition to increased charges, that, "when taken together, [may] support a realistic likelihood of vindictiveness and therefore give rise to a presumption:" (1) the government's "disparate treatment" of a defendant who exercised a legal right; (2) "[t]he simplicity and clarity of both the facts and law underlying [the prosecution]"; (3) "[t]he government's conduct *after* levelling [an] increased charge[] against [a] defendant[]"; and (4) "the government's motivation to act vindictively in this case." 810 F.2d at 1246-47. While the factors outlined in *Meyer* surely do not encompass the entire universe of "additional facts" that may trigger a pretrial presumption, these factors do provide the Court with an analytical template that leads directly to the conclusion that a presumption should not apply in this case.

First, any disparate treatment of Slatten, as compared to the *Slough* defendants, was required by the expiration of the statute of limitations for Slatten's involuntary manslaughter charge. Indeed, the government's only remaining opportunity to pursue criminal liability for Slatten was to reindict Slatten for first-degree murder. Such legally necessary "disparate treatment" is a far cry from deciding to bring additional charges against a subset of defendants who opted for a trial, as occurred in *Meyer*. *Id.* at 1246. It is true that the government's failure to reindict Slatten before the running of the limitations period produced a need for this increased charge. Yet government oversight, without more, does not "give rise to a suspicion that the government discriminated among the defendants on the basis of their divergent decisions whether to exercise their [legal rights]." *Id.*

Second, this Court can attest to a lack of "simplicity and clarity of both the facts and law underlying [this] prosecution[]." *Id.* There can be no "suspicion" of vindictiveness due to the
6

"straightforwardness of either the conduct involved . . . or the law relating to that conduct," as there was in *Meyer*, in a case like Slatten's. Slatten argues that such a suspicion exists because the increased charge was not a result of "further factual investigation or legal analysis." *See id.* at 1247; Mot. at 20. Yet such a consideration is only relevant if a defendant can also show that the government vindictively increased a charge. Slatten, however, fails to demonstrate, beyond conclusory statements, that the government reindicted him for choosing to exercise a legal right. Throughout his motion, Slatten confuses cause and effect. While Slatten's petition for a writ of mandamus caused the Circuit to effectively confirm that the statute of limitations would prohibit reindictment for voluntary manslaughter, the effect of such confirmation was to leave the government with the choice of letting Slatten go free or reindicting him on the increased charge of murder in the first degree. Slatten presents no facts indicating or implying that the government's reindictment for first-degree murder was a response to Slatten's writ of mandamus petition—the only legal right that Slatten exercised which is relevant to the Court's presumption analysis.

Third, the government's conduct after reindicting Slatten does not "lend[] support to a finding of a realistic likelihood of vindictiveness." *Meyer*, 810 F.2d at 1247. In *Meyer*, the prosecution displayed "a disturbing willingness to toy with the defendants" by moving to drop the charge it had added to those defendants who elected to go to trial after the district court had granted a *jury* trial—a prospect that the prosecution now sought to avoid. *Id.* Here, the government's proposal to reduce the increased charge in exchange for a waiver of Slatten's statute of limitations defense is an acceptable pretrial negotiation offer. The government was not toying with Slatten by reindicting him for murder in the first degree, since that was the government's only option for keeping Slatten in the case at all.

7

Fourth, throughout this case, the government has exhibited nothing more than a motivation to try Slatten for a heinous crime it believes he committed. *See* Gov't Pet. For Rehearing or, in the Alternative, to Recall the Mandate, *In re Slatten*, No. 14-3007 (D.C. Cir. Apr. 17, 2014), Doc. No. 1488808 at 7 (the government states that its purpose for reindicting Slatten was to prevent him from "escap[ing] liability" and to uphold a "compelling public interest in holding Slatten accountable for his role in the shooting."). As the government correctly notes, Opp'n at 19-20, seeking accountability for alleged criminal conduct is not a vindictive motive for the purposes of the vindictive prosecution doctrine. *See Gary*, 291 F.3d at 34. The *Meyer* Court questioned the motivation of the government to bring additional charges against defendants that chose to go to trial because the government likely "wished to avoid the annoyance and expense of prosecuting [] minor cases at a potentially drawn-out trial." *Meyer*, 810 F.2d at 1247. In this case, the increased charge brought against Slatten was hardly in response to "annoyance" or "expense" following Slatten's exercise of a legal right. In fact, the government could have reduced its prosecutorial burden by allowing Slatten to remain unindicted. Instead, the government amplified its burden—both legally and economically—by reindicting Slatten for first-degree murder.

Slatten further cites two additional facts that allegedly "compel a presumption of vindictiveness here." Mot. at 20-21. First, Slatten argues that the manner in which the government has "treated" Slatten since his reindictment suggests vindictiveness. Yet the government's lenient pretrial conditions for Slatten reveal nothing with regard to whether the government charged Slatten for first-degree murder because the defendant exercised some statutory right—and Slatten does not attempt to make such a connection. *Id.*

Second, Slatten depicts the McCord Letter as a manipulative attempt to prevent him from

8

exercising his statutory rights. *See* Mot. 21; Opp'n Attach. B. However, the Supreme Court rejected Slatten's argument in *Bordenkircher v. Hayes*, 434 U.S. 357 (1978). The doctrine of vindictive prosecution prevents prosecutors from punishing a defendant for exercising his legal rights. *Id.* at 363 ("[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort"); *Meyer*, 810 F.2d at 1245 ("a prosecutorial action is 'vindictive' only if designed to penalize a defendant for invoking legally protected rights"). It does *not* prevent prosecutors from driving a difficult bargain in a pretrial setting with a defendant they believe committed first-degree murder. *See Bordenkircher*, 434 U.S. at 363-65 (holding that the Due Process Clause of the Fourteenth Amendment did not prevent the government from threatening more serious charges on which the accused was "plainly subject to prosecution" during plea negotiations if the accused refused to plead guilty to the original lesser charge). Negotiating a reduction in charge in exchange for a waiver of a defense is a close relative of plea bargaining. There is no "element of punishment in the 'give-and-take'" of such negotiations "so long as the accused 'is free to accept or reject the prosecution's offer.'" *Goodwin*, 457 U.S. at 378 (quoting *Bordenkircher*, 434 U.S. at 363). Thus, the prosecution's offer—which defense counsel requested, Opp'n Attach. A (in response to McCord's initial email, Thomas Connolly responded, "I am happy to receive (via e-mail) and [sic] suggestions you have regarding the charges.")—does not constitute a due process violation.

Consequently, there are no "additional facts," when combined with the increased charge, to raise a presumption of prosecutorial vindictiveness. *Meyer*, 810 F.2d at 1246.

Moreover, the decision to reindict a defendant on different charges after the statute of limitations nullifies a preceding indictment falls squarely within the bounds of prosecutorial discretion. As this Court noted previously, the presumption of vindictiveness is not intended "to

give the defendant a free ride for separate crimes he may have committed, or to prevent a prosecutor from bringing new charges as a result of changed or altered circumstances which properly bear on prosecutorial discretion." *United States v. Jones*, 786 F. Supp. 2d 378, 382 (D.D.C. 2011) (internal quotations and citation omitted). Here, "the government—in light of changed circumstances and in the exercise of its prosecutorial discretion—brought a charge that [it believes will] yield a conviction and sentence commensurate with its assessment of [the] defendant's criminal conduct." *Id.*; *see also Goodwin*, 457 U.S. at 382 ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution.").

Therefore, a presumption of prosecutorial vindictiveness does not apply to the facts of this case. Accordingly, it is unnecessary for the Court to determine whether the government has offered "objective evidence justifying the prosecutorial action." *Meyer*, 810 F.2d at 1245.

*B. There Is No Requirement That a Justification Be Provided on the Record for Increased Charges at the Time of Indictment in the Pretrial Context*

Toward the conclusion of his motion, Slatten states that "[t]he D.C. Circuit's law is clear that the government's justifications for increases in charge based on the same evidence must be 'on the record.'" Mot. at 26 (citation omitted). Without such an on-the-record explanation here, Slatten argues, the new indictment must be dismissed. Yet Slatten's claim regarding "[t]he D.C. Circuit's law" is refuted by the very cases Slatten cites for support. The rule Slatten quotes from *U.S. v. Jamison*, Mot. at 26, only applies "whenever a judge imposes a more severe sentence upon a defendant after a *new trial*." 505 F.2d 407, 413 (D.C. Cir. 1974) (emphasis added). Similarly, *U.S. v. Quintana*—from which Slatten simply repeats the previously cited *Jamison* language, Mot. at 26—preceded its *Jamison* quotation with an

10

unambiguous limitation: "our Court of Appeals ruled that *after a mistrial* 'in the context of increases in the charged offense . . . the reasons for such increases, as well as their factual bases, must be made a part of the record at the time the higher indictment is filed with the court.'" 695 F. Supp. 24, 24-25 (D.D.C. 1988) (quoting *Jamison*, 505 F.2d at 416) (emphasis added). Since there has never been a trial in this case, this Circuit "rule" is inapplicable.

### C. The New Slatten Indictment Does Not Violate the Circuit's Writ of Mandamus

Slatten argues that the May 8, 2014, indictment is "a transparent effort to circumvent the D.C. Circuit's writ of mandamus compelling the dismissal of earlier charges against Slatten on statute-of-limitations grounds." Mot. at 1. This is, indeed, a "peculiar" argument. Opp'n at 20. The writ made clear that *Slough II* and its Mandate, *Slough*, ECF No. 252, had dismissed the original indictment against Slatten for voluntary manslaughter, among other charges. *In re Slatten*, Doc. No. 1487269. Slatten apparently interprets the Circuit's writ as a double jeopardy-like bar on subsequent prosecution of any kind. Mot. at 4, 28-31. Of course, the Circuit's Order did not create a blanket prohibition on future indictment.[3] Nor could it. *See Serfass v. U. S.*, 420 U.S. 377, 391-92 (1975) ("When a criminal prosecution is terminated prior to trial . . . jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy."). Moreover, the government's offer to decrease the charge against Slatten in exchange for a waiver of Slatten's now uncontested statute of limitations defense does not contravene the writ. The purpose of the writ was to confirm that the Circuit's 2012 Mandate had not reversed the 2009 Order of this Court, Judge Urbina presiding, to dismiss the indictment against Slatten, and this Court will not presume to read more into the language of that Order than the Circuit intended.

---

[3] By noting the government's "inexplicable failure to reindict Slatten by the deadline set by the statute of limitations," the Circuit's Order denying the government's petition for rehearing also clarified that the Mandate only pertained to the dismissal of the original charges. *In re Slatten*, No. 14-3007 (D.C. Cir. Apr. 18, 2014), Doc. No. 1489094 at 2.

Slatten's attempt to broaden the scope of the writ to forbid pretrial negotiations that include the possibility of waiving Slatten's statute of limitations defense is unpersuasive. While Slatten understandably would have preferred that the government not seek reindictment for a crime with no statute of limitations, there is no law preventing the government from doing so in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Slatten's motion [23] to dismiss the indictment for vindictive prosecution.

A separate Order consistent with this Memorandum Opinion shall issue this date.

6/5/14
Date

ROYCE C. LAMBERTH
United States District Judge