
FILED
JUN 24 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-107 (RCL) |
| ) | |
| NICHOLAS A. SLATTEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is the defendant Nicholas Slatten's motion [22] to dismiss the indictment for lack of venue. Upon consideration of Slatten's motion [22], the government's opposition [53], the defendant's reply [60], the applicable law, and the entire record herein, the Court will DENY Slatten's motion to dismiss for lack of venue.

## I. BACKGROUND

Both the District Court and the Court of Appeals for the District of Columbia Circuit have previously described the factual background of this case. *United States v. Slough*, 677 F. Supp. 2d 112, 116–129 (D.D.C. 2009) ("*Slough I*"), *vacated*, 641 F.3d 544, 555 (D.C. Cir. 2011) ("*Slough II*"); *Slough II*, 641 F.3d at 547–49. Thus, the Court will now only highlight the relevant facts and procedural background.

On December 4, 2008, a grand jury empaneled by this Court returned an indictment charging Slatten and four co-defendants—all members of a Blackwater Tactical Support Team called "Raven 23"—with multiple counts of voluntary manslaughter and attempted manslaughter, as well as one count of using and discharging a firearm in relation to a crime of violence. *United States v. Slough*, No. 08 Cr. 360, ECF No. 1. The indictment alleged that the defendants' conduct occurred "outside of the jurisdiction of any particular State or district and

within the venue of the United States District Court for the District of Columbia, as provided by 18 U.S.C. § 3238." *Id.* at ¶ 4. Each count of the indictment also alleged that the defendants committed the charged acts with "another joint offender known to the Grand Jury." *Id.* at ¶¶ 5–7, 9. The defendants filed their first motion to dismiss for lack of venue on January 13, 2009. *Slough*, ECF No. 35. Following oral argument on February 17, 2009, this Court, Judge Urbina presiding, denied the defendants' motion. *See* Mots. Hr'g Tr., *Slough*, ECF No. 127 at 79. The Court found that the arrest of Jeremy Ridgeway, who had previously pled guilty for his role in the September 16, 2007, Nisur Square shooting incident, was valid, and that Ridgeway was a joint offender along with Slatten and the other *Slough* defendants. *Id.* at 77-78.

After this Court, Judge Urbina presiding, dismissed the 2008 indictment for violations of *Kastigar v. United States*, 406 U.S. 441 (1972), *Slough I*, the Circuit vacated this Court's decision and remanded the case, *Slough II*. On October 17, 2013, a second grand jury empaneled by this Court returned a superseding indictment, charging Slatten and three co-defendants with multiple counts of voluntary manslaughter and attempted manslaughter, as well as one count of using and discharging a firearm in relation to a crime of violence. *Slough*, ECF No. 304. Once again, the superseding indictment alleged that the defendants' conduct "occurred outside of the jurisdiction of any particular State or district and, another joint offender known to the Grand Jury having been arrested in the District of Columbia, within the venue of the United States District Court for the District of Columbia, as provided by 18 U.S.C. § 3238." *Id.* at ¶ 4. The superseding indictment incorporated this venue allegation by reference in connection with each of the counts charged in the indictment. *Id.* at ¶¶ 6, 8, 10, 12.

On May 13, 2014, the Court denied the second motion (and supplemental motion) to dismiss for lack of venue filed by the *Slough* defendants on February 21 and March 14, 2014,

respectively. Mem. & Order, *Slough*, ECF No. 436 (denying *Slough*, ECF Nos. 390 & 398). The Court held that "[t]he superseding indictment properly alleges facts sufficient to support venue under § 3238 as to each count" and that, "[a]s Judge Urbina previously found, sufficient evidence exists in the record to conclude that Jeremy Ridgeway was a joint offender." *Id.* at 6. However, this ruling did not speak to whether venue in this Court was proper as to Slatten, whose indictment the Court had dismissed on April 23, 2014, *Slough*, ECF No. 428, in accordance with the Circuit's grant of the defendants' petition for writ of mandamus issued on April 7, 2014, *Slough*, ECF No. 415.

As a result of the expiration of the statute of limitations for voluntary manslaughter, a third grand jury empaneled by this Court reindicted Slatten on one count of first-degree murder. *Slatten*, 14 Cr. 107, May 8, 2014, ECF No. 1. Like the two prior indictments in this joint case, Slatten's new indictment alleged that his conduct "occurred outside of the jurisdiction of any particular State or district and, another joint offender known to the Grand Jury having been arrested in the District of Columbia, within the venue of the United States District Court for the District of Columbia, as provided by 18 U.S.C. § 3238." *Id.* at ¶ 4. On May 19, 2014, Slatten moved to dismiss his reindictment for lack of venue. *Slatten*, ECF No. 22.

## II.  LEGAL STANDARD

As this Court previously explained, Mem. & Order, *Slough*, ECF No. 436 at 3-4, "[t]he Trial of all Crimes . . . not committed within any State . . . shall be at such Place or Places as the Congress may by law have directed." U.S. Const. art. III, § 2, cl. 3. "The government bears the burden of establishing by a preponderance of the evidence that venue is proper with respect to each count charged against a defendant." *United States v. Kwong-Wah*, 924 F.2d 298, 301 (D.C. Cir. 1991) (citing *United States v. North*, 910 F.2d 843, 912 n.52 (D.C. Cir. 1990)). "Venue is an

issue that normally must be submitted to the jury." *Id.* (citing *United States v. Black Cloud*, 590 F.2d 270, 272 (8th Cir. 1979). "Venue may be proper in more than one district." *Id.* (citing *North*, 910 F.2d at 912). Pursuant to 18 U.S.C. § 3238 (hereinafter "§ 3238"), the federal statute governing alleged crimes committed outside the United States, "[t]he trial of [such] offenses . . . shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought."

## III. ANALYSIS

In his reply brief, Slatten contends that "the Court should treat [this] motion to dismiss as conceded" because the government filed its opposition brief after the fourteen days called for by the District Court's Local Criminal Rule 47(b). Def.'s Reply at 1. Given the hectic flurry of motions in this case leading up to the date of trial, the Court will not consider this motion to be conceded, notwithstanding the government's late-filed opposition. *See* Local Crim. R. 47(b) (the decision to treat as conceded a memorandum filed after the prescribed time is left to the Court's discretion). Rather, the Court will decide this issue on its merits.

The sole question here is whether, for purposes of venue under § 3238, Jeremy Ridgeway remains a "joint offender" as to Slatten, even though Slatten is only charged with one count of first-degree murder.[1] This Court twice has held that Ridgeway is clearly a joint offender as to the current *Slough* defendants—Paul Slough, Evan Liberty, and Dustin Heard—with whom there is overlap in the charged offenses. *See* Mots. Hr'g Tr., *Slough*, ECF No. 127 at 77; Mem. & Order, *Slough*, ECF No. 436 at 6-7. Now, the Court must determine whether the fact that

---

[1] Slatten also briefly states that Ridgeway was never arrested, "venue in this case was improperly 'manufactured' by the government," and "Slatten's constitutional right to proper vicinage is violated by venue in the District of Columbia." Def.'s Mot. at 8-9. The Court, however, will not relitigate settled disputes. The Court, Judge Urbina presiding, has already rejected the *Slough* defendants' identical claims, and Slatten has presented no facts warranting reconsideration. Mots. Hr'g Tr., *Slough*, ECF No. 127 at 78-79; *see also* Mem. & Order, *Slough*, ECF No. 436 at 7-8 (citing *United States v. Sunia*, 643 F. Supp. 2d 51, 61 (D.D.C. 2009) ("where litigants have once battled for the Court's decision, they should neither be required, nor without good reason permitted, to battle for it again") (internal quotation marks and citation omitted)).

4

Ridgeway and Slatten are charged with different offenses disqualifies Ridgeway as a joint offender.

Contrary to Slatten's motion, the "distinction" between first-degree murder and voluntary manslaughter is *not* "dispositive of [] Ridgeway's status as a joint offender vis-à-vis [] Slatten in this case." *See* Mot. at 6. Slatten's argument that "identical United States Code violations, identical victims, or identical aiding and abetting allegations" are needed to confer "joint offender" status on Ridgeway is misplaced. *See id.* In fact, Slatten's reindictment for murder—a "closely related [] substantive offense" to manslaughter—does not alter Ridgeway's position as a joint offender in the Nisur Square shooting incident. *See United States v. Levy Auto Parts*, 787 F.2d 946, 949 (4th Cir. 1986).

Here, Ridgeway and Slatten—both Raven 23 teammates—participated in the same shooting incident "in the same place at the same time." *See* Mots. Hr'g Tr., *Slough*, ECF No. 127 at 77. That the statute of limitations required the government to reindict Slatten for one count of murder, while Ridgeway remains charged with voluntary manslaughter, does not change the unmistakable unity of conduct among Ridgeway, Slatten, and, for that matter, the *Slough* defendants, on September 16, 2007, in Nisur Square. Regardless of the elevated intent element underlying Slatten's indictment, Slatten's and Ridgeways' joint participation in the shooting incident surely satisfies the "plain-meaning definition of the term 'joint offender'" under § 3238.[2] *Cf. Hong Vo*, 978 F. Supp. 2d at 64 (evaluating the term "joint offender" in accordance with its "plain meaning" given that "helpful [legal] authorities are few").

---

[2] When determining one's status as a joint offender, the District Court has placed importance on whether "the affidavit supporting arrest . . . 'clearly disclose[d] that [the defendant and the purported joint offender were] suspected of concerted criminal activity.'" *See United States v. Hong Vo*, 978 F. Supp. 2d 49, 64 (D.D.C. 2013) (quoting *Levy Auto Parts*, 787 F.2d at 949) (second alteration not in original). Here, the affidavit provided in support of the application for Ridgeway's arrest warrant described concerted criminal activity among Ridgeway, Slatten, and the *Slough* defendants—all of whom were members of the Raven 23 Blackwater convoy. Gov't's Opp'n, *Slough*, Jan. 27, 2009, ECF No. 50 (Ex. 1 at ¶¶ 5-6).

The legislative history of § 3238 is also instructive. The statute was, in part, designed to avoid multiple trials in different parts of the country for joint crimes, which would place a "substantial burden on the Government, and would be unnecessarily expensive." S. Rep. No. 88-146, at 2 (1963). Moreover, the statute seeks to avert scenarios that "might involve several trips to the United States for [] witnesses [from overseas]." *Id.* Here, there would be great overlap among the Iraqi witnesses testifying as to the *Slough* defendants, who the Court repeatedly has found to be joint offenders alongside Ridgeway, and those testifying as to Slatten—a reality that reinforces the Court's holding that Ridgeway is a joint offender in relation to Slatten.

Thus, as it has twice before, the Court finds that Ridgeway was a joint offender for purposes of venue under § 3238.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Slatten's motion [22] to dismiss the indictment for lack of venue.

A separate Order [86] consistent with this Memorandum Opinion was issued on June 16, 2014.

6/24/14
Date

ROYCE C. LAMBERTH
United States District Judge

---

[3] "Of course, should the government fail to prove by a preponderance of the evidence that a joint offender was arrested in the District of Columbia, [Slatten] may renew [his] motion to dismiss for lack of venue in [his] motion for judgment of acquittal." Mem. & Order, *Slough*, ECF No. 436 at 7; *see also* Mots. Hr'g Tr., *Slough*, ECF No. 127 at 79.