# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>NICHOLAS A. SLATTEN,   )<br>Defendant.   )<br>) | Criminal Case No. 14-107 (RCL) |

## ORDER

Before the Court is defendant Nicholas Slatten's motion to dismiss for vindictive prosecution or, in the alternative, for discovery. ECF No. 717. Upon consideration of the pleadings, the oral representations of both parties at the hearing on May 9, 2018, the relevant legal authorities, and the entire record in this case, the Court **DENIES** Mr. Slatten's motion.

Mr. Slatten previously moved to dismiss the indictment, prior to his first trial in 2014, alleging vindictive prosecution on the basis that the government increased the charge against him from voluntary manslaughter to murder in the first degree following his successful mandamus petition to the D.C. Circuit. The Court denied his motion at that time, ECF No. 51, and the D.C. Circuit upheld the decision. *United States v. Slatten*, 865 F.3d 767, 801 (D.C. Cir. 2017).

The Court incorporates by reference its own opinion and the D.C. Circuit's opinion on this issue. The government has not upped the ante since the D.C. Circuit overturned his conviction on August 4, 2017; the government is trying him again on the same single-count Indictment for first-degree murder. Mr. Slatten points to two subsequent developments in support of his present motion. He can now access Mr. Slough's hearsay statements, which the D.C. Circuit held could be admissible at trial, that he shot at the white Kia. And Mr. Liberty, another previous co-

defendant, informed the government through his counsel that Mr. Slough, not Mr. Slatten, fired at the white Kia. According to Mr. Slatten, these two pieces of exculpatory evidence indicate that there "can no longer be any serious doubt that someone other than Mr. Slatten killed Mr. Rubia'y" and that the government's continued prosecution in the face of this evidence violates due process. ECF No. 717 at 2.

Mr. Slatten's argument is without merit. Even though the D.C. Circuit found that he established a presumption of vindictiveness, it held that the government met the "minimal burden" to demonstrate a non-retaliatory justification for the prosecution by indicating that the only remaining charge available to the government following the mandamus grant was first-degree murder. *Slatten*, 865 F.3d at 800. That Mr. Slatten now has additional evidence available to him does not change the fact that the government is still pursuing the only path available to prosecute what it views to have been a "heinous" crime. *Id.* The government has repeatedly asserted that it disagrees with Mr. Slatten's view of the evidence and still believes the case warrants prosecution. The fact that the parties hold a different view does not implicate the doctrine of vindictive prosecution. The government has not "upp[ed] the ante" and there is no indication that it is retaliating against Mr. Slatten in any way. *Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974). Accordingly, Mr. Slatten's motion to dismiss for vindictive prosecution, or in the alternative, for discovery is **DENIED**.

It is **SO ORDERED**.

SIGNED this 23rd day of May, 2018.

Royce C. Lamberth
United States District Judge