UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 14-107 (RCL)** |
| | ) | |
| **Nicholas A. Slatten,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT NICHOLAS A. SLATTEN'S SENTENCING MEMORANDUM

Nicholas A. Slatten is a decorated Army veteran who risked his life time and again to protect our Country. He has been imprisoned for nearly five years, and now faces a mandatory life sentence after a civilian jury convicted him for his alleged role in a shooting incident that occurred in an Iraqi war zone. Sentencing Mr. Slatten to die in prison would violate the Eighth Amendment prohibition against cruel and unusual punishment under the unprecedented circumstances of this case.

This is no ordinary first-degree murder case involving a shooting in the relative calm and safety of the United States. This incident occurred in the Red Zone of Baghdad, then the most dangerous place in the world, during a period of intense and violent attacks against U.S. officials and the contractors who protected them, when Mr. Slatten's emergency rescue team was responding to a car bomb attack in the vicinity of a U.S. diplomat they were charged with protecting. Recognizing this context, when the government first charged Mr. Slatten in December 2008, it believed that voluntary manslaughter, which carries a statutory maximum of 15 years, was the appropriate charge. *See* Indictment ¶ 5, *United States v. Slough*, No. 08-cr-360 (D.D.C. Dec. 4, 2007), ECF No. 1 (Count 1). Thereafter, it acknowledged that the evidence against Mr. Slatten was relatively "weak." 11/2/09 pm Hr'g Tr. at 71. When the government charged Mr. Slatten

again in October 2013, it again believed that manslaughter was the appropriate charge. *See* Superseding Indictment ¶ 5, *United States v. Slough*, No. 08-cr-360 (D.D.C. Oct. 17, 2013), ECF No. 304 (Count 1). Only after the manslaughter charge was dismissed as time-barred did the government up the ante to first-degree murder, but it acknowledged that its evidence against Mr. Slatten was the same as the evidence that justified only manslaughter charges. 5/12/14 Tr. at 6 ("[T]he evidence that [the government] expect[s] to submit, through testimony and otherwise, with respect to Mr. Slatten's new charges is substantially the same, if not identical, to what [the government] had originally planned to do well before this turn of events."). Before the most recent trial, the government offered Mr. Slatten a plea to a manslaughter charge, with a sentencing range of 5-10 years, but Mr. Slatten refused to admit to killing someone he did not kill. We all know that Mr. Slatten did not shoot and kill Mr. Al-Rubia'y. The Court should impose a sentence of time served while Mr. Slatten appeals his unconstitutional conviction.

**I.       Imposition of a Life Sentence Would Violate the Eighth Amendment Prohibition Against Cruel and Unusual Punishment.**

The government's decision to bring charges carrying mandatory minimum sentences based on war zone shootings already has led to unconstitutional sentences in this case. *See United States v. Slatten*, 865 F.3d 767, 820 (D.C. Cir. 2017) (vacating mandatory 30-year sentences of defendants Slough, Heard, and Liberty as cruel and unusual punishment because their mandatory nature deprived Court of opportunity to consider unique circumstances attendant to war zone setting). The government's decision to charge Mr. Slatten with first-degree murder—a decision motivated by the fact that its own mistakes foreclosed a manslaughter charge—likewise will lead to an unconstitutional result if the Court declines to conduct an individualized sentencing.

Inherent in the Eighth Amendment's prohibition against "cruel and unusual punishments," U.S. Const. Amend. VIII, is the principle that sentences "should be graduated and proportioned to

both the offender and the offense," *Miller v. Alabama*, 567 U.S. 460, 469 (2012) (internal quotation marks omitted); *see also Graham v. Florida*, 560 U.S. 48, 59 (2010); *Solem v. Helm*, 463 U.S. 277, 292 (1983).  *But see Harmelin v. Michigan*, 501 U.S. 957, 997 (1991) (Kennedy, J. concurring in part and concurring in the judgment) (describing the principle as "narrow").  Mandatory sentences pose unique proportionality problems and may run afoul of the Eighth Amendment in a particular case even if they are not categorically unconstitutional.  *See, e.g.*, *Slatten*, 431 F.3d at 811.  "When addressing an as-applied challenge [to a mandatory sentence], courts begin 'by comparing the gravity of the offense and the severity of the sentence' based on 'all of the circumstances of the case.'"  *Id.* (quoting *Graham*, 560 U.S. at 59, 60).

As part of that analysis, the Court must consider Mr. Slatten as a complete person.  *See id.* at 815 ("[A] more prudent way to sentence would be to examine each defendant as an individual, taking into account all of the mitigating factors typically considered by sentencing judges.").  There is much to Mr. Slatten that supports departing from the mandatory minimum.  The Court should give weight to, among other things:  Mr. Slatten's decorated Army service, including two tours of duty in Iraq, ECF No. 1302 at 14; GX9844; Ex. 1; his decision after leaving the Army to continue risking his life protecting American diplomats, ECF No. 1302 at 6, 14; the respect he has earned from his family, friends, and fellow soldiers and colleagues who know him best and who have seen firsthand the extent of his sacrifice for his country, ECF No. 640-1 (sentencing letters); the fact that he was a young man (23 years old) at the time of the Nisur Square incident, *see* ECF No. 1302 at 3, 5; and that, before his arrest in this case, he had no criminal history at all, *see id.* at 11-13.  During his nearly five-year period of incarceration, Mr. Slatten has been a model inmate. He has no infractions and recently was moved to the minimum security ward of the Rappahannock Regional Jail.

The Court must also consider the gravity of the crime of conviction. *Graham*, 560 U.S. at 59. Nobody disputes that first-degree murder is a grave offense. But, as the D.C. Circuit's review of Mr. Slatten's co-defendants' sentences makes clear, the question is not whether a typical first-degree murder conviction warrants a mandatory life sentence, but whether the circumstances of *this* conviction—based on actions alleged to have occurred while the Raven 23 convoy was responding to an emergency situation and locking down a busy intersection in the most dangerous city in the world—warrant departure from the mandatory minimum. *See Slatten*, 865 F.3d at 815 (court must "truly account for the culpability" of the defendant "individually"); *see also id.* at 812 (noting the "unusual circumstances of this case"). The sequence of events that prompted the government to bring a charge for first-degree murder that is (by its own admission) ill-suited to a war-zone prosecution and to the facts, *see* 11/2/09 Hr'g Tr. at 71; ECF No. 122 at 2-3 (Govt.'s Mot. for Clarification and/or Reconsideration (8/28/09)), further underscores that a life sentence would be disproportionate. Imposition of a life sentence would result in unwarranted sentencing disparities; similarly situated defendants have not received life sentences. The Court need look no further than the cases of Mr. Slatten's Raven 23 teammates for examples. Jimmy Watson received immunity. 11/14/18 am Tr. at 1378-79; GX498A (Immunity Order). Jeremy Ridgeway served approximately six and a half months in prison. 11/27/18 pm Tr. at 2655. Paul Slough, Dustin Heard, and Evan Liberty were charged with manslaughter and weapons offenses. *Slatten*, 586 F.3d at 776-77.[1] The Court should also consider that—notwithstanding the subsequent enactment

---

[1] Other defendants charged in war zone shootings also received more lenient treatment. *See, e.g.*, *United States v. Schultz*, 39 C.M.R. 133 (C.M.A. 1969) (sentencing defendant to a term of imprisonment of twenty-five years for premeditated murder of a Vietnamese civilian during the Vietnam War); Seth Robson, *Army Reduces Soldier's Murder Sentence*, Stars & Stripes (Aug. 15, 2009) (soldiers sentenced to twenty years for premeditated murder of four Iraqi civilians); *see also* United States v. Hutchinson, No. 200800393 (C.M.A. Jan. 29, 2018) (affirming sentence of less

4

of the Military Extraterritorial Jurisdiction Act—the federal murder statute was not designed to sort war-zone killings into the most serious tier of homicides. *See id.* at 815 (holding that "the lack of evidence Congress ever intended [a law predating MEJA] to apply against military employees in a war zone" undermines deference owed to "Congress's determinations regarding the punishments for crimes"). And the Court should consider the powerful evidence of Mr. Slatten's innocence. *See* ECF Nos. 1218, 1264.

Finally, the Court must consider the severity of the sentence. The Supreme Court has recognized that life sentences without the possibility of release "share some characteristics with death sentences that are shared by no other sentences," and that "[i]mprisoning an offender until he dies alters the remainder of his life by a forfeiture that is irrevocable." *Miller*, 567 U.S. at 474-75 (internal quotation marks omitted). In meting out this most severe of sentences, the Court should consider the circumstances of the case and, because those circumstances warrant departure here, impose a sentence of time served.

## II. THE COURT SHOULD NOT IMPOSE A FINE OR RESTITUTION.

If the Court imposes a significant term of imprisonment, that sentence is sufficiently punitive such that a fine is not necessary "to reflect the seriousness of the offense . . . to promote respect for the law, to provide just punishment and to afford adequate deterrence." U.S. Sentencing Guidelines Manual, § 5E1.2 (d)(1) (U.S. Sentencing Comm'n 2018).

To date, neither the Presentence Investigation Report nor the government has provided any information, proposal, or evidentiary basis for restitution. Mr. Slatten, therefore, reserves any objections to the amount of restitution until the information necessary to support such an order is

---

than eight years for murder conviction based on killing that occurred during a counter-insurgency raid).

made available. *See United States v. Monzel*, 746 F. Supp. 2d 76, 89 (D.D.C. 2010) ("Due process and fairness do require 'that a defendant be afforded a meaningful opportunity to rebut any information presented to the court for consideration on sentencing.'") (quoting *United States v. Fogel*, 829 F.2d 77, 91 (D.C. Cir. 1987)).

Mr. Slatten requests that any order imposing a fine or restitution be stayed pending the outcome of his appeal. *See* Fed. R. Crim. P. 38(e).

## CONCLUSION

For the reasons set forth above, Mr. Slatten respectfully requests that the Court impose a sentence of time served. If the Court imposes an additional period of incarceration, he requests that the Court recommend that the BOP waive any public safety factor which may be applied and house him in a low to medium security facility, or in the alternative that he be housed at USP Coleman II.

                                              Respectfully submitted,

August 7, 2019                    /s/ Amy Mason Saharia
                                        Dane Butswinkas (DC Bar No. 425056)
                                        Barry Simon (DC Bar No. 245209)
                                        Tobin Romero (DC Bar No. 461273)
                                        Simon Latcovich (DC Bar No. 980319)
                                        Amy Mason Saharia (DC Bar No. 981644)
                                        Krystal Commons (DC Bar No. 987768)
                                        WILLIAMS AND CONNOLLY LLP
                                        725 Twelfth Street, N.W.
                                        Washington, DC 20005
                                        Telephone: (202) 434-5000
                                        Facsimile: (202) 434-5029

                                        *Attorneys for Defendant Nicholas A. Slatten*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2019, a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
Amy Mason Saharia