IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No. 14-107 (RCL) |
| | : | |
| **v.** | : | |
| | : | |
| **NICHOLAS SLATTEN,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' SENTENCING MEMORANDUM**

**"How do you feel when you are going to see your love[d] ones face to face in the morgue and find them decapitated and totally charred, and one can hardly identify their features."**

(2015 Victim Impact Statement of Dr. Haithem Al Rubia'y, father to Ahmed Al Rubia'y and husband to Dr. Mahassin Al-Khazali)

\*   \*   \*

As the jury reasonably found and this Court recently declared, on September 16, 2007, the defendant, spurred by an intense hatred for all Iraqis and a "twisted hunt for revenge," murdered Ahmed Al Rubia'y with a sniper rifle. Mem. Opn. at 24-26 (ECF No. 1304 (July 30, 2019)). Ahmed was 19 years old and a medical student at the time. While occupying their family Kia sedan, stopped just south of the Nisur Square traffic circle in Baghdad, Iraq, Ahmed and his mother, Dr. Mahassin Al-Khazali, posed no threat whatsoever (actual or perceived) to the defendant or his Blackwater teammates. And yet, the defendant shot and killed Ahmed anyway, causing Ahmed's car to inch forward, and "setting into motion the day's horrific events." *Id.* at 26 (citing *United States v. Slatten*, 865 F.3d 767, 795 (D.C. Cir. 2017)). Namely, the defendant's first murderous shots prompted several of his teammates to indiscriminately "hail[] bullets and grenades until [Ahmed's] Kia exploded" (*id.* at 12), as part of a twenty-minute "barrage of 'death

and destruction'" that resulted in the deaths of thirteen more civilians and serious injuring of another seventeen.  *Id.* at 3.[1]

The crime of First Degree Murder carries a sentence of death or imprisonment for life, 18 U.S.C. § 1111.   The government did not seek a sentence of death.   Accordingly, the Court must sentence the defendant to life imprisonment.[2]   We ask the Court to do so.

        Respectfully submitted,

        JESSIE K. LIU
        United States Attorney
        D.C. Bar No. 472845

By:       /s/
        T. PATRICK MARTIN
        D.C. Bar Number 471965
        FERNANDO CAMPOAMOR-SANCHEZ
        D.C. Bar Number 451210
        KAREN P. W. SEIFERT
        N.Y. Bar Number 4742342
        Assistant United States Attorneys
        ALEXANDRA HUGHES
        Special Assistant United States Attorney
        VA Bar Number 91593
        National Security Section
        United States Attorney's Office
        555 4th Street NW, 11th Floor
        Washington, D.C. 20530
        202-252-7732
        Thomas.Martin5@usdoj.gov

---

[1] The government incorporates by reference the fulsome factual narrative relied upon by this Court to find that the trial record evidence sufficiently supports the jury's guilty verdict.  *Id.* at 3-29.

[2] The offense of First Degree Murder also demands mandatory restitution under 18 U.S.C. § 3663A.  The government, however, has not identified a financial loss amount associated with the murder other than what it has already paid to the victim's family (i.e., $3,500 associated with the destroyed white Kia sedan) and does not seek restitution.