UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO 14-CR-107 (RCL) |
| v. | : |
| NICHOLAS ABRAM SLATTEN, | : |
| Defendant. | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, moving by and through its undersigned counsel, opposes the defendant's request for a sentence of time served. The defendant incorrectly claims that a sentence of life in prison would violate the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 1310. First, as set forth below, the defendant waived the claims he now presents by failing to raise these arguments after his first conviction. Second, the arguments are wholly without merit. A life sentence is both required by statute and justified by the crime committed—the unlawful, premeditated murder of Ahmed Haithem Ahmed Al-Rubia'y.

**I.   The defendant's Eighth Amendment claims have been waived by his failure to raise these issues previously on appeal.**

The defendant's failure to raise an Eighth Amendment claim on appeal after his first conviction constitutes a waiver. Where a defendant raises a claim at trial and does not raise it on appeal, the defendant has forfeited this argument. *See, e.g.*, *United States v. Saani*, 794 F.3d 44, 48 (D.C. Cir. 2015) (citations omitted) (holding defendant forfeited the argument because he did not raise it in his first appeal); *United States v. Henry*, 472 F.3d 910, 915 (D.C. Cir. 2007) (citations omitted) (forfeiture or waiver applies "where an argument could have been raised on an initial

appeal"). In the defendant's 2015 sentencing memorandum, the defendant raised the argument that a sentence of life without parole would violate the Eighth Amendment. ECF No. 640 at 13. On appeal, however, the defendant failed to raise this claim. The defendant's Eighth Amendment claims have therefore been waived and he is barred from reasserting that claim now. *Northwestern Indiana Telephone Co., Inc. v. F.C.C.*, 872 F.2d 465, 470 (D.C. Cir. 1989) ("It is elementary that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.").

## II. A life sentence does not violate the Eighth Amendment as applied to the defendant.

Even in the absence of a waiver, the defendant's Eighth Amendment argument fails. 18 U.S.C. § 1111(b) provides that life imprisonment is the minimum sentence available for first-degree murder. *See Graham v. Florida*, 560 U.S. 48, 92 (2010) (asserting "the sentence of life without parole is typically reserved" for murder); *United States v. Gonzalez*, 922 F.2d 1044, 1051 (2d Cir.), *cert. denied*, 502 U.S. 1014 (1991) ("The language of [§ 1111(b)] is clear—life imprisonment is the minimum sentence available for first degree murder under § 1111."); *United States v. LaFleur*, 971 F.2d 200, 208 (9th Cir. 1991) ("We find the import of this language clear; a defendant convicted of first degree murder under § 1111(a) must be sentenced to life in prison."); *see also Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991) (standing for the proposition that it is improper to afford any weight to mitigating circumstances in the context of mandatory minimum sentences of life imprisonment). No court has found a facial Eighth Amendment violation for first-degree murder. *See, e.g.*, *LaFleur*, 971 F.2d at 211 ("Under *Harmelin*, it is clear that a mandatory minimum of life sentence for first-degree murder does not constitute cruel and unusual punishment."). In fact, courts have found that a sentence of life without possibility of parole is not violative of the Eighth Amendment's prohibition against cruel and unusual punishment even where

the nature of the offense and circumstances are less egregious.[1]  *See, e.g.*, *Miller v. Alabama*, 567 U.S. 460, 481 (2012) ("[L]ife without parole is permissible [even] for nonhomicide offenses."). Accordingly, although "severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense." *Harmelin*, 501 U.S. at 994-95 (discussing the constitutional validity of mandatory sentences in light of their application throughout U.S. history).

To be grossly disproportionate in violation of the Eighth Amendment, an offense must cause "less revulsion than the punishment imposed for its commission." *Gonzalez*, 922 F.2d at 1053.  The seriousness of the offense must be compared to the length of the sentence.  *Id.*  In the "rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality' the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* at 960, 1005.  Here, life imprisonment cannot be deemed "grossly disproportionate" as punishment for this offense.[2]  As a comparison of his crime with

---

[1]     *See, e.g.*, *Harmelin*, 501 U.S. 957 (upholding sentence of life without parole for possession of 657 grams of cocaine); *Lockyer v. Andrade*, 538 U.S. 63 (2013) (upholding two consecutive terms of 25 years to life for petty theft, under recidivist statute); *Ewing v. California*, 538 U.S. 11 (2003) (upholding sentence of 25 years to life for theft of golf clubs, under recidivist statute); *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam) (upholding a sentence of 40 years for possession of marijuana with the intent to distribute); *Rummel v. Estelle*, 445 U.S. 263 (1980), 445 U.S. 263 (upholding sentence of life without parole for third non-violent offense, namely obtaining money under false pretenses); *United States v. Parks*, 700 F.3d 775, 779 (6th Cir. 2012) (upholding mandatory minimum sentence of life imprisonment for bank robbery resulting in a killing); *United States v. Gibbs*, 237 F. App'x 550 (11th Cir. 2007) (upholding sentence of life imprisonment where defendant caused another's death by using a firearm during the commission of a crime of violence).

[2]     *See, e.g.*, *Harmelin*, 501 U.S. 957 (upholding sentence of life without parole for possession of 657 grams of cocaine); *Ewing*, 538 U.S. 11 (upholding sentence of 25 years to life for theft of golf clubs, under recidivist statute); *Davis*, 454 U.S. 370 (per curiam) (upholding a sentence of 40 years for possession of marijuana with the intent to distribute); *Rummel*, 445 U.S. 263 (upholding sentence of life without parole for third non-violent offense, namely obtaining money under false pretenses); *Parks*, 700 F.3d at 779 (upholding mandatory minimum sentence

his sentence does not give rise to an inference of gross disproportionality, a "comparative analysis of his sentence with others in [the District of Columbia] and across the Nation need not be performed."[3]

Nevertheless, the defendant claims "[t]his is no ordinary first-degree murder case." ECF No. 1310 at 4. Because Al-Rubia'y's murder occurred in the "most dangerous place in the world," ECF No. 1310 at 4, the defendant argues a departure from the mandatory minimum is warranted. *Id.* This assertion is misguided. As this Court recognized, "all told, two different juries—twenty-four different people—considered weeks of evidence and unanimously concluded Slatten committed first-degree murder." ECF No. 1304 at 4. In convicting the defendant, the jury determined that the defendant committed first-degree murder—that is, an unlawful killing, absent a justification like self-defense, with malice aforethought and premeditation. During trial, both the government and the defendant presented ample evidence of the dangerous circumstance in Iraq generally and in Nisur Square more specifically. Considering this evidence, the jury

---

of life imprisonment for bank robbery resulting in a killing); *Gonzalez*, 922 F.2d 1044 (upholding life sentence without parole for first-time offender drug dealer and killer); *LaFleur*, 971 F.2d at 211 (upholding life sentence without parole for first-degree murder); *Gibbs*, 237 F. App'x 550 (upholding sentence of life imprisonment where defendant caused another's death by using a firearm during the commission of a crime of violence); *Sadowski v. Grounds*, 358 F. Supp. 3d 1064 (C.D. Cal. 2019) (holding sentence of life without parole for conviction for first-degree murder was not cruel and unusual punishment).

[3]  Even if sentences imposed on offenders in this jurisdiction and other circuits were compared to the defendant's sentence, the comparison would not demonstrate that the sentences to be imposed on the defendants are "grossly disproportionate." 18 U.S.C. § 1111(b) provides for a mandatory minimum sentence of life imprisonment; thus, life imprisonment is necessarily the guidelines sentence as well. *See Mistretta v. United States*, 488 U.S. 361, 368 (1989); *Gonzalez*, 922 F.2d at 1050-51 (holding that sentence of life imprisonment is the standard sentence for first-degree murder and is the guidelines sentence); *LaFleur*, 971 F.2d at 208 (concluding that the sentencing court has no discretion to impose a lesser sentence for first-degree murder).

nevertheless found the defendant neither acted in self-defense nor under mitigating circumstances when he killed Al-Rubia'y.  Instead, Al-Rubia'y was unarmed, sitting in traffic with his mother, posing no threat, perceived or real.  The defendant should not now be absolved of premeditated murder and the statutorily-required life sentence assigned to it simply because he killed Al-Rubia'y in a war zone.[4]

## CONCLUSION

For the foregoing reasons, the government respectfully requests that in accordance with 18 U.S.C. 1111(b), the Court sentence the defendant to life in prison.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

---

[4]  The defendant's assertion that "mandatory minimum sentences based on war zone shootings has already led to unconstitutional sentences in this case," ECF 1310 at 2, misapplies the D.C. Circuit's decision to the present matter.  There, the court found it was "important to distinguish between the predicate crimes of violence for which [the defendants] were convicted and the conviction under Section 924(c) that carries with it a mandatory 30-year sentence." *United States v. Slatten*, 865 F.3d 767, 812 (D.C. Cir. 2017).  The D.C. Circuit found issue with applying 18 U.S.C. § 924(c) to those required to be armed, *id.* at 813, while committing the offenses of manslaughter and attempted manslaughter.  Here, the mandatory minimum life sentence is for the offense itself, first-degree murder, not for the means by which the offense was carried out.

By:       /s/
T. PATRICK MARTIN
D.C. Bar Number 471965
FERNANDO CAMPOAMOR-SANCHEZ
D.C. Bar Number 451210
KAREN P. SEIFERT
N.Y. Bar Number 4742342
Assistant United States Attorneys
National Security Section
United States Attorney's Office
555 4th Street NW, 11th Floor
Washington, D.C. 20530
202-252-7698
fernando.campoamor-sanchez@usdoj.gov

ALEXANDRA HUGHES
VA Bar Number 91593
Special Assistant United States Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

## **Certificate of Service**

      I certify that, by virtue of the Court's ECF system, a copy of the foregoing government's Opposition to the Defendant's Sentencing Memorandum has been sent to counsel for the defendant on August 13, 2019.

/s/_____
Alexandra Hughes
Special Assistant United States Attorney